Vermont Superior Court
Filed 12/11/24

SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-03459

George Woods v Tina Heywood et al

Opinion and Order on the Defendants' Motion to Stay

Before the Court is the Defendants' motion to stay. They seek an order staying discovery pending the Court's consideration of their pending motion to dismiss, which is based on immunity claims and estoppel. The Court makes the following determinations.

The Court has the power to issue the requested stay as it falls within the scope of the discretion granted by its inherent authority and by Rule to manage its docket and the conduct of discovery. Landis v. N. N. Co., 299 U.S. 248, 254–55 (1936) (The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance"); Vt. R. Civ. P. 26(c) and (d) (court has authority to issue protective orders regarding discovery and to manage "sequence and timing of discovery").

Such stays, however, are "not favored," Chrysler Corp. v. Makovec, 157 Vt. 84, 86–87 (1991), and are not the norm. The Civil Rules do not suggest that the filing of a dispositive motion will stay discovery, and ordering a stay whenever such a

1

motion is filed would result in significant overall delay in the disposition of the Court's docket.

Nonetheless, courts across the country have often issued stays of discovery pending resolution of threshold matters concerning immunity or jurisdiction. *See, e.g., Siegert v. Gilley*, 500 U.S. 226, 231–32 (1991) (deferring discovery pending issue of immunity); *Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir.2005) (stay appropriate pending ruling on a dispositive jurisdictional issues). Outside of those discrete areas, federal courts have developed various tests to determine whether a stay of discovery is warranted in a particular case. *See, e.g., Gibbs v. Carson*, No. C-13-0860 TEH (PR), 2014 WL 172187, at *3 (N.D. Cal. Jan. 15, 2014); *Morgan v. Clements*, No. 12-CV-00936-REB-KMT, 2012 WL 3130768, at *1–2 (D. Colo. July 31, 2012); *Thompson v. Ret. Plan for Emps. of S.C. Johnson & Sons, Inc.*, No. 07-CV-1047, 2008 WL 4964714, at *10 (E.D. Wis. Nov. 14, 2008).

Ultimately, the tests share the similar values: will the underlying motion have a significant impact on the case and/or discovery; will discovery be needed to resolve the motion; and what is the prejudice to the parties and to reaching resolution of the case if a stay is enacted?

In this case, the Defendants have persuaded that Court that a stay of discovery is appropriate. First, the pending motion presents significant legal issues that should, if possible, be resolved at the very beginning of the action. Second, the questions can be resolved as legal questions without benefit of discovery. Third, the determination of the issue in the Defendants' favor would likely have a controlling

impact on the claims against the Defendants.  Indeed, a ruling in favor of Defendants would result in dismissal of the action.

Finally, the Court believes the balance of prejudice weighs in favor of a stay. Some of Plaintiff's pending requests for discovery have been filed, and he seeks multifaceted productions from Defendants.  They indicate that some, at least, of those requests would be opposed.  Resolving such issues would consume time and resources of the parties and of the Court.  Against the Defendants have raised powerful arguments for dismissal that may avoid such an undertaking.  Briefing on their motion is nearly complete.  The Court believes it most appropriate to resolve that motion before permitting discovery in this action.  *See* 8A Charles Alan Wright, *et al., Fed. Prac. & Proc*. § 2040, at 198 (3d ed.) ("a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved"); *DeBoskey v. SunTrust Mortg., Inc*., No. 8:14-CV-1778-MSS-TGW, 2017 WL 10425448, at *2 (M.D. Fla. Jan. 12, 2017) (granting stay pending resolution of dispositive motion).

<u>Conclusion</u>

For the foregoing reasons, the Defendants' Motion to Stay is granted until further order following the Court's ruling on the pending motion to dismiss.

Electronically Signed on December 11, 2024, per V.R.E.F. 9(d)

_____
Timothy B. Tomasi
Superior Court Judge

3